Harold Malkin, WSBA No. 30986
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Facsimile: 206.223.7107

Maryann P. Surrick (Pro Hac Vice)
LOCKHEED MARTIN CORP.
6801 Rockledge Drive, MP 203
Bethesda, MD 20817
Ph: 301-897-6988

Michael J. Bronson (Pro Hac Vice)
Patrick M. Hagan (Pro Hac Vice)
Laurie A. Witek (Pro Hac Vice)
Michael J. Ferrara (Pro Hac Vice)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Ph: (513) 977-8200
Fx: (513) 977-8141

Attorneys for Defendants Lockheed
Martin Services, Inc., and Lockheed
Martin Corporation

THE HONORABLE ROSANNA
MALOUF PETERSON

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON
### AT RICHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-cv-05021 |
| MISSION SUPPORT ALLIANCE, | ) |
| LLC, LOCKHEED MARTIN | ) REQUEST FOR JUDICIAL NOTICE |
| SERVICES, INC., LOCKHEED | ) IN SUPPORT OF DEFENDANTS' |
| MARTIN CORPORATION, | ) MOTIONS TO DISMISS |
| | ) |
| and | ) |
| | ) 05/23/2019 WITHOUT ORAL |
| JORGE FRANCISCO "FRANK" | ) ARGUMENT |
| ARMIJO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 1

Defendants Lockheed Martin Services, Inc. ("LMSI") and Lockheed Martin Corporation ("LMC") respectfully request that the Court take judicial notice pursuant to Fed. R. Evid. 201 of LMC's Management Incentive Compensation Program Plans ("MICP Plans") and their contents in connection with Defendants' motions to dismiss. The Court may also consider these documents under the doctrine of incorporation by reference. LMC and LMSI request that the Court take judicial notice of or incorporate by reference the following adjudicative facts: (1) from 2009 – 2016, LMC had a publicly disclosed MICP plan; (2) a stated purpose of each MICP Plan was to establish performance goals within the meaning of Section 162(m) of the Internal Revenue Code; (3) each Plan states that only LMC employees were eligible to participate; and (4) each Plan provides that MICP payments are determined using a formula that accounts for individual and organizational performance.

## I. <u>INTRODUCTION</u>

The MICP Plans are relevant because the government has asserted a claim under the Anti-Kickback Act, 41 U.S.C. § 8701, *et seq.*, against all Defendants that is premised on incentive compensation LMC provided through its Management Incentive Compensation Program ("MICP"). *See* Complaint, ECF No. 1, at ¶¶ 118-123 (alleging that LMC used its MICP to provide incentive compensation in exchange for favorable treatment of LMC and LMSI). Although the Complaint discusses LMC's MICP and payments to certain seconded LMC employees and quotes from employees' MICP self-evaluations, the government does not attach the MICP Plans governing the program. All of LMC's MICP Plans for the relevant period are public documents that LMC filed with the Securities and Exchange Commission ("SEC"). Accordingly, the Court may either take judicial notice of each of the MICP Plans or consider them through

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

the doctrine of incorporation by reference.

## II.  <u>PROPOSED DOCUMENTS</u>

Defendants propose the MICP Plans listed below for judicial notice and incorporation by reference.  These Plans were in effect during the relevant period (2009-2016) and are publicly accessible through the SEC's Electronic Data Gathering, Analysis, and Retrieval ("EDGAR")[1] system.  True and correct copies the MICP Plans are attached to the accompanying Declaration of Patrick M. Hagan and are listed below:

**Exhibit A** – MICP Plan As Amended January 22, 2009 (the "2009 MICP Plan A"), filed publicly with the SEC as Exhibit 10.15 to LMC's February 26, 2009 Form 10-K, and available at: https://www.sec.gov/Archives/edgar/data/936468/000119312509038670/dex1015.htm.

**Exhibit B** – MICP Plan As Amended June 25, 2009 (the "2009 MICP Plan B"), filed publicly with the SEC as Exhibit 10 to LMC's July 22, 2009 Form 10-Q, and available at: https://www.sec.gov/Archives/edgar/data/936468/000119312509153203/dex10.htm.

**Exhibit C** – MICP Plan As Amended January 28, 2010 (the "2010 MICP Plan"), filed publicly with the SEC as Exhibit 99.1 to LMC's January 29, 2010 Form 8-K, and available at: https://www.sec.gov/Archives/edgar/data/936468/000119312510017229/dex991.htm.

_____

[1] *United States Securities and Exchange Commission*, EDGAR Company Filings, https://www.sec.gov/edgar/searchedgar/companysearch.html.

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 3

**Exhibit D** – MICP Plan As Amended January 27, 2011 (the "2011 MICP Plan"), filed publicly with the SEC as Exhibit 99.1 to LMC's February 3, 2011 Form 8-K, and available at:

https://www.sec.gov/Archives/edgar/data/936468/000119312511022096/dex991.htm.

**Exhibit E** – MICP Plan As Amended January 24, 2013 (the "2013 MICP Plan"), filed publicly with the SEC as Exhibit 10.2 to LMC's January 28, 2013 Form 8-K, and available at:

https://www.sec.gov/Archives/edgar/data/936468/000119312513026251/d473930dex102.htm.

**Exhibit F** – MICP Plan As Amended January 23, 2014 (the "2014 MICP Plan"), filed publicly with the SEC as Exhibit 10.1 to LMC's January 28, 2014 Form 8-K, and available at:

https://www.sec.gov/Archives/edgar/data/936468/000119312514024241/d658624dex101.htm.

**Exhibit G** – MICP Plan As Amended January 1, 2015 (the "2015 MICP Plan"), filed publicly as Exhibit 10.1 to LMC's April 22, 2015 Form 10-Q, and available at:

https://www.sec.gov/Archives/edgar/data/936468/000119312515141818/d887742dex101.htm.

**Exhibit H** – MICP Plan As Amended January 1, 2016 (the "2016 MICP Plan"), filed publicly with the SEC as Exhibit 10.1 to LMC's February 2, 2016 Form 8-K, and available at:

https://www.sec.gov/Archives/edgar/data/936468/000119312516447743/d129701dex101.htm.

Defendants also request that the Court take notice of the existence of

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 4

certain statements in each of the MICP Plans, which generally provide that:

(1) One purpose of the Plan is to "[e]stablish performance goals within the meaning of Section 162(m) of the Internal Revenue Code."[2]

(2) Participation in the Plan is limited to LMC employees.[3]

(3) MICP payments to individual employees are determined using a formula that accounts for individual and organizational performance.[4]

---

[2] *See* 2009 MICP Plan A at Article I, p. 1 ("The Plan is intended to achieve the following: … (4) Establish performance goals within the meaning of Section 162(m) of the Internal Revenue Code."); 2009 MICP Plan B at Article I, p. 1 (same); 2010 MICP Plan at Article I, p. 1 (same); 2011 MICP Plan at Article I, p. 1 (same); 2013 MICP Plan at Article I, p. 1 (same); 2014 MICP Plan at Article I, p. 1 (same); 2015 MICP Plan at Article I, p. 1 (same); 2016 MICP Plan at Article I, p. 1 (same).

[3] *See* 2009 MICP Plan A at Article IV, p. 3 ("Employees who through their efforts are able to contribute significantly to the success of the Company in any given Plan Year will be considered eligible for selection for participation in the Plan."); 2009 MICP Plan B at Article IV, p. 3 (same); 2010 MICP Plan at Article IV, p. 3 (same); 2011 MICP Plan at Article IV, p. 3 (same); 2013 MICP Plan at Article IV, p. 3 ("Those eligible shall include only those Employees considered by the Committee to be key Employees of the Company."); 2014 MICP Plan at Article IV, p. 3 (same); 2015 MICP Plan at Article IV, p. 3 (same); 2016 MICP Plan at Article III, p. 2 ("Employees who are considered by the Chief Executive Officer to be key Employees of the Company also are eligible to participate in the Plan[.]").

[4] *See* 2009 MICP Plan A at Plan Exhibit A, p. i-iii (providing that MICP payments

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 5

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## III.  LAW AND ARGUMENT

There are two well-established exceptions to the general rule that courts may not consider materials outside the complaint when ruling on a motion to dismiss:  (1) judicial notice under Fed. R. Evid. 201, and (2) the incorporation-by-reference doctrine.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Both permit the Court to consider LMC's MICP Plans.

---

"will be calculated by multiplying the Participant's Annual Salary by the applicable Target Level of the Participant…, and that result will then be multiplied by the Individual Performance Factor, [which] will be multiplied by the appropriate Organizational Performance Factor"); 2009 MICP Plan B at Plan Exhibit A, p. i-iii (same); 2010 MICP Plan at Plan Exhibit A, p. i-iii (same); 2011 MICP Plan at Plan Exhibit A, p. i-iii (same); 2013 MICP Plan at Plan Exhibit A, p. i-iii (providing that MICP payments "will be calculated by multiplying the Participant's Annual Salary by the applicable Target Level of the Participant…, and that result will then be multiplied by the Applicable Performance Factor, which is composed of the Individual Performance Factor . . ., the Enterprise Performance Factor . . ., and the Business Area Performance Factor"); 2014 MICP Plan at Plan Exhibit A, p. i-iii (same); 2015 MICP Plan at Plan Exhibit A, p. i-iii (same); 2016 MICP Plan at Article V, p. 3 ("Subject to Section 2.02, Article IV and any performance goals (including organizational or enterprise performance goals) established by the Committee or its delegate for the Plan Year (such goals to be established on or before March 30 of the Plan Year), the Committee (or the Committee's delegate in the case of Participants who are not Elected Officers) shall determine the proposed amount of Incentive Compensation to be paid to each Participant with respect to a Plan Year.").

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 6

## A.      Taking Judicial Notice of the Plan is Proper.

Judicial notice of adjudicative facts, or "the facts of the particular case,"[5] is proper when the facts are not subject to reasonable dispute. Fed. R. Evid. 201(b)(1)-(2). An adjudicative fact is "not subject to reasonable dispute" when it: (1) is generally known or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *See Khoja*, 899 F.3d at 999; *Renfroe v. Quality Loan Serv. Corp.*, No. 2:17-CV-0194, 2017 U.S. Dist. LEXIS 159068, at *6 (E.D. Wash. Sept. 27, 2017). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

"Courts routinely take judicial notice of such things as public SEC filings." *City of Roseville Emples. Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013) (collecting cases); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064, n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Dreiling v. Am. Exp. Co.,* 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (same). That is because courts presume that documents required to be filed by law are generally "authentic and trustworthy." *Melville v. Bank of N.Y. Mellon Corp.*, No. 2:17-CV-30, 2017 U.S. Dist. LEXIS 154950, at *6 (E.D. Wash. Sept. 21, 2017) (citing *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999)); *see also In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 583 (S.D.N.Y. 2011) (taking judicial notice of "legally required public disclosure documents filed with the SEC" (internal citation and quotations omitted)).

_____

[5] *See* Fed. R. Evid. 201 advisory committee's note.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

Here, judicial notice is appropriate because LMC filed each of the MICP
Plans as exhibits to its SEC filings, and those documents are publicly available
through the SEC's EDGAR system.  LMC discloses its applicable MICP Plan as
part of its efforts to comply with SEC regulations requiring disclosure of certain
information about compensation for executives, including the amount of
compensation, the criteria used to determine compensation, and the relationship
between the company's executive compensation practices and corporate
performance.  *See, e.g.*, 17 C.F.R. § 229.402.

**B.     The Complaint Incorporates the Documents by Reference.**

The government's focus on LMC's MICP also permits the Court to
consider the MICP Plans under the incorporation by reference doctrine.  "The
doctrine of incorporation by reference allows 'a district court to consider
documents whose contents are alleged in a complaint and whose authenticity no
party questions, but which are not physically attached to the plaintiff's
pleading.'"  *City of Roseville*, 963 F. Supp. 2d at 1106-07 (quoting *In re Silicon
Graphics, Inc. Sec. Litig. (SGI)*, 183 F.3d 970, 986 (9th Cir. 1999)).  "Once a
document is deemed incorporated by reference, the entire document is assumed
to be true for purposes of a motion to dismiss, and both parties – and the Court –
are free to refer to any of its contents."  *Id*. at 1107*; see also United States v.
Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (acknowledging that a district court
may assume that the contents of a document incorporated by reference "are true
for purposes of a motion to dismiss").

**IV.  CONCLUSION**

The following facts are appropriate for judicial notice under Fed. R. Evid.
201(c)(2) because Defendants have supplied the Court with the necessary
information, and the Court may also consider them through the doctrine of

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

incorporation by reference:

1. From 2009 – 2016, LMC had a publicly disclosed MICP plan.

2. A stated purpose of each MICP Plan was to establish performance goals within the meaning of Section 162(m) of the Internal Revenue Code.

3. Each Plan states that only LMC employees were eligible to participate.

4. Each Plan provides that MICP payments are determined using a formula that accounts for individual and organizational performance.

DATED this 23rd day of April, 2019.

Respectfully submitted,

LANE POWELL PC

By    _s/Harold Malkin_____
Harold Malkin, WSBA No. 30986
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA  98111-9402
Email: malkinh@lanepowell.com
Telephone: 206.223.7000
Facsimile: 206.223.7107

DINSMORE  & SHOHL

By    _s/Michael J. Bronson_____
Michael J. Bronson, Admitted *Pro Hac Vice*
255 East Fifth Street, Suite 1900
Cincinnati, OH  45202
Email: Michael.bronson@dinsmore.com
Telephone: 513.977.8654

Attorneys for Defendants Lockheed Martin Services, Inc., and Lockheed Martin Corporation

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 9

**CERTIFICATE OF SERVICE**

I certify that on the date listed below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Executed this 23rd day of April, 2019, at Seattle, Washington.


_s/Patti Lane_
Patti Lane, Legal Assistant

REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS - 10

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107