Geana M. Van Dessel, WSBA #35969
KUTAK ROCK LLP
502 W. Riverside Ave., Suite 800
Spokane, WA 99201
T: (509) 252-2691

Justin Shur, admitted *pro hac vice*
Lucas Walker, admitted *pro hac vice*
Eric Nitz, admitted *pro hac vice*
MOLOLAMKEN LLP
600 New Hampshire Ave., NW
Washington, DC 20037
T: 202.556.2000

Attorneys for Jorge Francisco Armijo

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MISSION SUPPORT ALLIANCE, LLC, LOCKHEED MARTIN SERVICES, INC., LOCKHEED MARTIN CORPORATION, and JORGE FRANCISCO "FRANK" ARMIJO,<br><br>Defendants. | Case No. 4:19-CV-5021-RMP<br><br>UNOPPOSED MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL<br><br>Without Oral Argument<br>May 23, 2019 at 6:30 p.m. |

UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL - 1

Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201-0506
(509) 747-4040; fax (509) 747-4545

## UNOPPOSED MOTION TO SEAL

Defendant Jorge Francisco "Frank" Armijo respectfully moves the Court for an Order sealing his 2011 Lockheed Martin Management Incentive Compensation Plan objectives and evaluation ("2011 MICP Objectives"), which is attached as Exhibit 1 to Mr. Armijo's Declaration in support of his Motion to Dismiss and Motion to Seal. Prior to filing this Motion to Seal, undersigned counsel consulted with the government, which confirmed it does not oppose this Motion to Seal the 2011 MICP Objectives, which contains sensitive, personal, confidential and proprietary information.

## AUTHORITY

The Court may seal material filed in connection with a dispositive motion upon a showing of compelling reasons. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) ("[A]ccess to judicial records is not absolute."); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute."). *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016) (defining dispositive). The final determination of what constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

Here, compelling reasons exist to seal the 2011 MICP Objectives because it contains proprietary information that could hurt Lockheed Martin competitively and because it contains Mr. Armijo's personal, confidential performance and compensation-related details, which are exempt from public disclosure.

UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL - 2

Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201-0506
(509) 747-4040; fax (509) 747-4545

In *Thoma v. City of Spokane*, 2013 WL 12170313 (E.D. Wa. Dec. 18, 2013), the court held that "employment performance evaluations without instances of misconduct are exempt from public disclosure, and accordingly shall be filed under seal." *Id*. at *1. In a separate order in that same case, the court sealed "two employment performance evaluations of Plaintiff" because "[p]rotecting a public employee's personnel records, including otherwise-confidential performance evaluations, is a compelling interest." *Thoma v. City of Spokane*, 2013 WL 1346988, at *3 (E.D. Wa. Apr. 3, 2013). Other district courts have reached similar conclusions. *See e.g., Dynetix Design Solutions, Inc*., 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013) (granting motion to seal because "[t]he personal performance review contains sensitive personal information"); *Shimozono v. May Dep't Stores Co.*, 2002 WL 34373490, at *16 (C.D. Cal. Nov. 20, 2002) ("Performance Reviews will remain sealed."); *Rich v. Shrader*, 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013) (sealing warranted for documents that "contain[ed] internal partnership evaluations, management expectations and performance reviews, financial information, as well as company strategies to improve employee performance and experience").

Likewise, compelling reasons exist to seal the 2011 MICP Objectives, which is a confidential document maintained in Mr. Armijo's human resources personnel file at Lockheed Martin. Decl. Armijo at ¶ 3. It contains sensitive, personal information, including Mr. Armijo's employee identification number and an evaluation of his 2011 performance with Lockheed Martin. *Id.* ¶4. Specifically, it is a four-page, single-spaced document describing Mr. Armijo's achievements in multiple assessment categories that affected his compensation. Decl. Armijo, Ex. 1.

UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL - 3

Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201-0506
(509) 747-4040; fax (509) 747-4545

And it has never been publicly disclosed. Decl. Armijo at ¶3. For these reasons, the Court should permit the sealing of the 2011 MICP Objectives.

Additional compelling reasons exist to seal the 2011 MICP Objectives because it contains proprietary information that could give Lockheed Martin's competitors an unfair advantage. Courts protect sources of business information that might harm a litigant's competitive standing. *Nixon*, 435 U.S. at 598. In response to the government's civil investigative demand in connection with this case, Lockheed Martin designated the 2011 MICP as "Confidential and Proprietary." Decl. Armijo at ¶3. The 2011 MICP Objectives contain sensitive and proprietary Lockheed Martin information. *Id.* ¶5. For example, it discusses numerous potential and realized Lockheed Martin business opportunities as well as performance data and financials for Lockheed Martin business components. *Id.* Redacting the document is not a practical alternative to filing under seal because, as explained in Mr. Armijo's motion to dismiss, the content of the document—which is quoted in the Complaint and is central to the Anti-Kickback Act claim asserted against Mr. Armijo – is important to contrast against the Complaint's allegations.

## CONCLUSION

The Court should grant Mr. Armijo's unopposed motion and seal the 2011 MICP Objectives to protect its confidential, personal and proprietary contents. If the Court has any hesitation about granting this unopposed motion, Mr. Armijo requests leave to file supplemental support from all Defendants to further explain and detail the compelling reasons to seal, and asks the Court not to un-seal the 2011 MICP Objectives.

UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL - 4

Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201-0506
(509) 747-4040; fax (509) 747-4545

1   Dated this 23rd day of April 2019.

2

3                                           By: s/ Geana Van Dessel
                                            Geana M. Van Dessel, WSBA #35969
4                                           KUTAK ROCK, LLP
                                            510 W. Riverside Ave., Ste. 800
5                                           Spokane, WA 99201
                                            P: (509) 747-4040
6                                           Geana.VanDessel@KutakRock.com

7                                           By: s/ Justin Shur
                                            Justin Shur, admitted *pro hac vice*
8                                           Lucas Walker, admitted *pro hac vice*
                                            Eric Nitz, admitted *pro hac vice*
9                                           MOLOLAMKEN LLP
                                            600 New Hampshire Ave., NW
10                                          Washington, DC 20037
                                            T: 202.556.2000
11                                          JShur@MoloLamken.com
                                            LWalker@MoloLamken.com
12                                          ENitz@MoloLamken.com
13
                                            Attorneys for Jorge Francisco Armijo
14

15

16

17

18

19

20

21

22

23

24

UNOPPOSED MOTION FOR LEAVE                                   Kutak Rock LLP
TO FILE UNDER SEAL - 5                              510 W. Riverside Ave., Suite 800
                                                         Spokane, WA 99201-0506
                                                    (509) 747-4040; fax (509) 747-4545

**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By: s/ Geana M. Van Dessel
Geana M. Van Dessel, WSBA #35969
KUTAK ROCK, LLP
510 W. Riverside Ave., Ste. 800
Spokane, WA 99201
P: (509) 747-4040
Geana.VanDessel@KutakRock.com

UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL - 6

Kutak Rock LLP
510 W. Riverside Ave., Suite 800
Spokane, WA 99201-0506
(509) 747-4040; fax (509) 747-4545