FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MISSION SUPPORT ALLIANCE, LLC; LOCKHEED MARTIN SERVICES, INC; LOCKHEED MARTIN CORPORATION; and JORGE FRANCISCO ARMIJO, Frank,<br><br>Defendants. | NO: 4:19-CV-5021-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE |

BEFORE THE COURT is a motion by Defendants Lockheed Martin Services, Inc. ("LMSI") and Lockheed Martin Corporation ("LMC") seeking judicial notice, pursuant to Federal Rule of Evidence 201, of LMC's Management Incentive Compensation Program Plans ("MICP Plans") and certain contents in connection with Defendants' Motion to Dismiss. ECF No. 36. In addition, Defendants seek inclusion of the same documents through the doctrine of incorporation by reference.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDICIAL NOTICE ~ 1

*Id.* Plaintiff United States did not respond to the motion. Having reviewed the motion, the attached declaration and exhibits, and the relevant law, the Court is fully informed.

## BACKGROUND

On February 8, 2019, the United States filed a Complaint against LMSI, LMC, Mission Support Alliance, LLC ("MSA"), and Jorge Francisco "Frank" Armijo ("Armijo") asserting causes of action under the False Claims Act and the Anti-Kickback Act, as well as common law claims for breach of contract, unjust enrichment, and payment by mistake. ECF No. 1. Defendants LMSI and LMC have moved to dismiss the United States' claims under the False Claims Act and the Anti-Kickback Act for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 37. MSA and Armijo have filed separate Motions to Dismiss. ECF Nos. 39 and 42. Responses and replies to the three Motions to Dismiss are forthcoming, and the Court is scheduled to hear oral argument from the parties in October 2019.

In the instant motion, LMSI and LMC maintain that the MICP plans are relevant because the Anti-Kickback Act claim raised by the United States is premised on incentive compensation that LMC provided through its MICP. *See* ECF No. 36 at 2. The Complaint alleges that "LMC used its [MICP] to provide things of value to high-ranking MSA employees . . . for their use of their MSA positions to provide favorable treatment to LMC and LMSI." ECF No. 1 at 40−41. Although the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE ~ 2

Complaint refers to the MICP for years 2009 through 2015, no MICP Plans are attached to the Complaint.

LMC's MICP Plans for the relevant period, which LMSI and LMC maintain is 2009-2016, are public documents that LMC filed with the U.S. Securities and Exchange Commission ("SEC"). *See* ECF No. 36 at 3. LMSI and LMC provide the hyperlinks for accessing the documents through the SEC's Electronic Data Gathering, Analysis, and Retrieval ("EDGAR") system, as well as the actual documents as exhibits to the declaration supporting the motion. ECF Nos. 36 at 3−4; 38-1 through 38-8 (Exhibits A through H).

In addition to seeking judicial notice and incorporation by reference of the MICP Plans for years 2009 through 2016, LMSI and LMC seek judicial notice of the existence of certain statements in each MICP Plan, including that:

(1) One purpose of the Plan is to '[e]stablish performance goals within the meaning of Section 162(m) of the Internal Revenue Code.'
(2) Participation in the MICP Plan is limited to LMC employees.
(3) MICP payments to individual employees are determined using a formula that accounts for individual and organizational performance.

ECF No. 36 at 5.

## LEGAL STANDARDS

As a general rule, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Rather, "when matters outside the pleading are presented to and not excluded by the

1  court," the court must convert the Rule 12(b)(6) motion into a motion for summary

2  judgment under Rule 56. Fed. R. Civ. P. 12(d). The two exceptions to this precept

3  are: (1) judicial notice under Federal Rule of Evidence 201; and (2) the judicially-

4  created incorporation-by-reference doctrine. *Khoja v. Orexigen Therapeutics, Inc.*,

5  899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom*, *Hagan v. Khoja*, 2019 U.S.

6  LEXIS 3431, 2019 WL 429555 (U.S., May 20, 2019).

7      To qualify for judicial notice, an adjudicative fact must be one "that is not

8  subject to reasonable dispute because it: (1) is generally known within the trial

9  court's jurisdiction; or (2) can be accurately and readily determined from sources

10  whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

11      The incorporation-by-reference doctrine "treats certain documents as though

12  they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A defendant may

13  seek to incorporate by reference a document if the complaint "refers extensively to

14  the document or the document forms the basis of the plaintiff's claim." *United States*

15  *v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The objective of the doctrine is to

16  prevent plaintiffs from selectively relying on the portions of documents that support

17  their claims, while omitting portions of the same documents that weaken or

18  extinguish their claims. *Khoja*, 899 F.3d at 1002.

19  / / /

20  / / /

21  / / /

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDICIAL NOTICE ~ 4

## DISCUSSION

***MICP Plans in Effect from 2009 through 2016***

Federal courts routinely take judicial notice of documents filed publicly with the SEC.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n. 2 (9th Cir. 2006) (same).  Therefore, without taking judicial notice of the truth of the statements within the documents or their effect, the Court takes notice of the MICP Plan documents themselves, for years 2009, 2010, 2011, 2013, 2014, 2015, and 2016,[1] and will consider the documents in resolving the Motions to Dismiss, ECF Nos. 37, 39, and 42, to determine what statements were made in the documents and how these statements relate to the allegations in the United States' Complaint.  Given the Complaint's explicit reference to the MICP Plans for years 2009 through 2015, the MICP Plan documents for years 2010, 2011, 2013, 2014, and 2015, also are appropriate to be incorporated by reference into the record for the Motions to Dismiss.

With respect to particular statements contained within the MICP Plans, the Court takes judicial notice that all of the MICP Plans contain the following assertion:

---

[1] Defendants did not include the 2012 MICP Plan in the documents submitted for purposes of the instant motion.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE ~ 5

> One objective of the Plan is to '[e]stablish performance goals within the meaning of Section 162(m) of the Internal Revenue Code.'

ECF Nos. 38-1 at 2; 38-2 at 2; 38-3 at 2; 38-4 at 2; 38-5 at 2; 38-6 at 2; 38-7 at 2; and 38-8 at 2.

However, the Court declines to take judicial notice of the alleged fact that participation in the MICP Plan is limited to LMC employees. The 2009 MICP Plan B defines an "Employee" as "a person who is employed by the Company and who is paid a salary as distinguished from an hourly wage." ECF No. 38-2 at 3; *see also* ECF No. 38 at 2 (identifying ECF No. 38-2 as 2009 MICP Plan B). The Plan defines "Company or Corporation" as "Lockheed Martin Corporation and those subsidiaries of which it owns directly or indirectly 50% or more of the voting stock or other equity." *Id*. The 2009 MICP Plan A, as well as the MICP Plans for 2010, 2011, 2013, 2014, 2015, and 2016, also define "Company" as LMC, as well as subsidiaries of which LMC directly or indirectly owns fifty percent or more of the voting stock or other equity. ECF Nos. 38 at 2−3; 38-1 at 3; 38-3 at 3; 38-4 at 3; 38-5 at 5; 38-6 at 3; 38-7 at 3; and 38-8 at 3. The Complaint alleges that "MSA was owned by three entities: (1) Lockheed Martin Integrated Technology, a wholly-owned subsidiary of [LMC]; (2) Wackenhut Services, Inc. (Wackenhut); (3) and [sic] Jacobs Engineering Group, Inc. (Jacobs)." ECF No. 1 at 4.

The Ninth Circuit has admonished, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDICIAL NOTICE ~ 6

1  document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999; *see also Toth*
2  *v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("[J]udicial notice is
3  generally not the appropriate means to establish the legal principles governing the
4  case."); *Garcia v. California Supreme Court*, 2014 U.S. Dist. LEXIS 7364, 2014 WL
5  309000, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper
6  vehicle for legal argument."). With respect to incorporation by reference, the Ninth
7  Circuit has emphasized that the doctrine must not be used by a defendant as a
8  mechanism to "short-circuit the resolution of a well-pleaded claim." *Id.* at 1002. The
9  Court does not find that there is a judicially noticeable statement in the MICP Plans
10 that participation in the Plans is limited to LMC employees; nor is that inference
11 readily determinable by a review of the documents. Likewise, the Court finds that
12 any such statement would exceed the scope of the incorporation-by-reference
13 doctrine.

14     Lastly, the LMSI and LMC Defendants contend that statements within the
15 MICP Plans supporting that MICP payments to individual employees are determined
16 using a formula that accounts for individual and organizational performance are
17 subject to judicial notice and incorporation by reference. *See* ECF No. 36 at 5. The
18 Court declines to take judicial notice or incorporate by reference this proposition for
19 the same reasons previously set forth. The Court already admitted the MICP Plan
20 documents by judicial notice and through the incorporation-by-reference doctrine.
21 The Court declines to recognize this particular proposition as verified, as that ruling

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDICIAL NOTICE ~ 7

1 would serve only to facilitate an inappropriate shortcut at this phase in the case. *See*

2 *Khoja*, 899 F.3d at 1003 (". . . what inferences a court may draw from an

3 incorporated document should also be approached with caution. . . . it is improper to

4 assume the truth of an incorporated document if such assumptions only serve to

5 dispute facts stated in a well-pleaded complaint.").

6       Accordingly, **IT IS HEREBY ORDERED** that Defendants LMSI and LMC's

7 Motion for Judicial Notice in Support of Defendants' Motions to Dismiss, **ECF No.**

8 **36**, is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

9       The District Court Clerk is directed to enter this Order and provide copies to

10 counsel.

11       **DATED** June 13, 2019.

13                     *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
                      United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR JUDICIAL NOTICE ~ 8