# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-05021 |
| MISSION SUPPORT ALLIANCE, LLC., LOCKHEED MARTIN SERVICES, INC., LOCKHEED MARTIN CORPORATION, | ) **[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d)** |
| and | ) |
| JORGE FRANCISCO "FRANK" ARMIJO, | ) |
| Defendants. | ) |

Before the Court is the parties' Joint Motion for an Order Pursuant to Fed. R. 502(d). Upon the stipulation of the parties, and pursuant to Federal Rule of Evidence 502(d) for good cause shown, IT IS HEREBY ORDERED as follows:

1. This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) shall not apply to the disclosure of communications or information in discovery in this matter.

2. The litigation of this action shall require each party to review and to disclose large quantities of information and documents, including electronically-stored information, through the discovery process. As a result, page-by-page pre-production privilege review would impose an undue burden on the parties' resources.

3. In lieu of page-by-page pre-production review, the Court orders that

[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d) - 1

keyword searching of electronically-stored information performed by searching for the names of the attorneys for a party to identify and withhold potentially privileged documents is sufficient to protect any applicable privilege. Provided that a party makes good-faith efforts to comply with the requirements of this paragraph 3, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that disclosure of privileged or protected information or documents in response to any discovery request in this action shall not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the information or documents disclosed and their subject matter. Nothing in this paragraph prohibits any party from taking additional steps to review electronically-stored information or other documents for privilege.

    4.    The Court further orders that, because the procedures described in paragraph 3, above, are necessary for the just, speedy, and inexpensive resolution of this matter, disclosure of privileged or protected information or documents in response to any discovery request in this action will be deemed unintentional and inadvertent. Such disclosure will not constitute a waiver of the disclosing party's right to claim any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine, or any governmental privilege, that would have applied to the information or documents or their subject matter but for the disclosure, provided only that the party disclaiming waiver employed the procedures described in paragraph 3.

    5.    If a party determines that it has produced a document upon which it

[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d) - 2

wishes to make a claim of privilege, the producing party shall, within 21 days of making such determination, give all counsel of record written notice of the claim of privilege, except that oral notice may be given if the party determines that a document is privileged during a deposition ("privilege notice"). The privilege notice shall identify each such document by bates number or other unique identifier and the date it was produced as well as the information required by Federal Rule of Civil Procedure 26(b)(5). If the producing party claims that only a portion of a document is privileged, the producing party shall provide, along with the privilege notice, a new copy of the document with the allegedly privileged portions redacted. Any party that complies with this paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials. The producing party also agrees that it will not contend that the receiving party (or its counsel or agents) is tainted by the receipt or review of the privileged or protected documents.

6. For privilege notices asserted during depositions, the producing party shall, if practicable, redact the allegedly privileged portions of any document over which a privilege is asserted to enable use of clearly non-privileged portions of any such document during the deposition. If the producing party claims that the document is entirely privileged, or if it is impracticable to immediately redact the document, the parties shall note the document's Bates number or other information sufficient to identify it on the record and shall refrain from using the document during the deposition. If the Court or the producing party subsequently determines that the document is not privileged, any other party may re-convene the deposition for a reasonable period of time to question the deponent about the document.

[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d) - 3

7. If a party identifies a document that appears on its face or in light of facts known to the party to be subject to another party's claim of privilege, the party identifying the potential claim of privilege is under a good-faith obligation to notify the party holding the potential claim of privilege. Such notification shall not waive the identifying party's ability to subsequently challenge any assertion of privilege with respect to the identified document. If the party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with paragraph 5, above, within 5 business days of receiving notice from the identifying party.

8. Upon receiving a privilege notice, the receiving party must, in accordance with Fed. R. Civ. P. 26(b)(5)(B), promptly sequester the specified information and any copies it has and may not use or disclose the information, except as provided by Fed. R. Civ. P. 26(b)(5)(B), until the claim is resolved. Copies of privileged documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving party must take steps to sequester the restored information. If the receiving party disclosed the information before being notified, it must take reasonable steps to prevent further use of such information until the claim is resolved.

9. Following receipt of a privilege notice, if a party wishes to dispute a claim of privilege asserted under this Order, such party shall promptly meet and confer with the producing party pursuant to Local Civil Rule 37. If the parties are unable to resolve their dispute, the receiving party may move the Court for an order compelling disclosure of the information within 30 days of receipt of the privilege

notice at issue. Pending resolution of the motion, the parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The party asserting the claim of privilege, although not the moving party, bears the burden of proving the privilege claim.

10. Following receipt of a privilege notice, if the receiving party determines it will not challenge the privilege assertion, the receiving party must promptly return all copies of the specified document to the producing party, or destroy all such copies, depending upon the stated preference of the producing party. The receiving party must also return or destroy any notes taken about the document.

11. The parties may stipulate to extend the time periods specified in paragraphs 5, 7, and 9, above.

12. This Order does not preclude a party from voluntarily waiving any claims of privilege. The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a party uses privileged information to support a claim or defense.

Accordingly, IT IS SO ORDERED.

DATED this _____ day of _____, 2020.

_____
ROSANNA MALOUF PETERSON
United States District Court Judge

[PROPOSED] ORDER PURSUANT TO FED. R. EVID. 502(d) - 5