FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MISSION SUPPORT ALLIANCE, LLC; LOCKHEED MARTIN SERVICES, INC; LOCKHEED MARTIN CORPORATION; and JORGE FRANCISCO ARMIJO, Frank,<br><br>　　　　　Defendants. | NO:  4:19-CV-5021-RMP<br><br>PROTECTIVE ORDER |

**PROTECTIVE ORDER**

　　Upon the stipulation of the parties, and the Court having determined that good cause exists within the meaning of Federal Rule of Civil Procedure 26(c) to limit disclosure of certain documents and information that the parties expect to exchange in the course of discovery in the above-captioned matter, *see* ECF Nos. 85 and 86,

　　**IT IS HEREBY ORDERED** as follows:

PROTECTIVE ORDER ~ 1

1.     This Protective Order shall govern the disclosure and use of all documents, deposition testimony, discovery responses and other materials, oral or written (collectively, "Material"), produced, exchanged, or provided during the course of this action by (a) Plaintiff the United States of America, (b) Defendants Mission Support Alliance, LLC, Lockheed Martin Services, Inc., Lockheed Martin Corporation and Jorge Francisco "Frank" Armijo (collectively, the "Parties," and individually, each a "Party"), and (c) any nonparty.  This Protective Order applies to Material produced voluntarily, as required by discovery demands made pursuant to the Federal Rules of Civil Procedure, and as required by any Civil Investigative Demand issued by the United States in connection with its pre-filing investigation. For avoidance of doubt, this Protective Order constitutes a Court order under the Privacy Act, 5 U.S.C. § 552a(b)(11), authorizing disclosure of records that may be requested in discovery during this action.

2.     Any Party may designate Material it produces as "Confidential Material" if such Party in good faith believes that the Material contains trade secrets or nonpublic technical, commercial, financial, personal, or business information; or is the subject of another confidentiality agreement; or is subject to the Privacy Act, 5 U.S.C. § 552a.

3.     Any Party may designate a subset of Confidential Material as "Competition Sensitive" to the extent that the Material contains information that must be protected to safeguard the competitive process, including, without

limitation, protected source selection and bid and proposal information, as defined and described in Federal Acquisition Regulation Part 3. "Competition Sensitive" material constitutes or contains source selection information, bid and proposal information, and proprietary financial or technical data or commercially sensitive competitive information, including but not limited to strategic plans, pricing information, customer and vendor lists, settlement agreements, and settlement communications, that the Designating Party believes in good faith is so highly sensitive that its disclosure to third parties, other than those persons and by those methods specified in paragraph 5, could reasonably be expected to result in commercial injury to the Designating Party.

4. Material designated as Confidential Material or Competition Sensitive under this Protective Order must not be used, discussed, or disclosed by the Parties, their counsel of record, or any other person identified in Paragraph 5, below, for any purpose whatsoever other than preparing for and conducting the litigation of the above-captioned matter and any related proceedings, including any appeals and/or related proceedings in the Civilian Board of Contract Appeals.

5. Confidential Material and Competition Sensitive material may be disclosed and used for preparing for and conducting the litigation of this matter, including any appeals, only to the following individuals as provided below:

    a. Counsel of record in this litigation and the attorneys, paralegals, investigators, clerical and other staff working with such counsel who

PROTECTIVE ORDER ~ 3

1  are assisting in the litigation or investigation of this matter; provided such
2  personnel have first been advised and agree to comply with the obligations of this
3  Protective Order;

4        b. Counsel for any Agency or Department of the United States;
5  provided such personnel have first been advised and agree to comply with the
6  obligations of this Protective Order;

7        c. Those officers, directors, in-house counsel, employees, and
8  former employees of the Parties deemed necessary to aid counsel of record in the
9  litigation of this matter and not covered by either Paragraph 5(a) or 5(b), except
10 that Material designated as Confidential or Competition Sensitive may not be
11 disclosed to such individuals unless they have signed the Acknowledgment
12 included as Attachment A to this Order;

13       d. Witnesses at, or in preparation for, any deposition or hearing in
14 this matter and counsel for any such witness, except that Material designated as
15 Confidential or Competition Sensitive may not be disclosed to any such witness,
16 unless the witness has signed the Acknowledgment included as Attachment A to
17 this Order;

18       e. Experts and/or consultants working with counsel of record for
19 the Parties, as said counsel may deem necessary to provide assistance in
20 connection with the litigation of this matter, except that Material designated as
21 Confidential or Competition Sensitive may not be disclosed to any such individual

PROTECTIVE ORDER ~ 4

until the individual has signed the Acknowledgment included as Attachment A to this Order;

    f. Court reporters, videographers, mediators, and their employees used in connection with the litigation of this matter; provided such personnel have first been advised and agree to comply with the obligations of this Protective Order;

    g. Outside photocopying services, graphic reproduction services, litigation support services, and document hosting vendors retained by the Parties or their counsel as they deem necessary to provide assistance in connection with this matter; provided such personnel have first been advised and agree to comply with the obligations of this Protective Order;

    h. Any individual who is a Party in this action to the extent deemed necessary by counsel for that Party for the prosecution, defense, or settlement of this matter.

  6. A copy of any Acknowledgement required by Paragraph 5 shall be maintained by counsel responsible for disclosing Material designated as Confidential or Competition Sensitive.

  7. Designation of a document as "Confidential Material" or "Competition Sensitive" material shall be made by stamping the media in which the document is produced and in a manner that will not interfere with the legibility of the document as "CONFIDENTIAL" or "COMPETITION SENSITIVE." To

PROTECTIVE ORDER ~ 5

the extent that a document was previously produced in response to Civil Investigative Demand EDWA 16-002 dated January 27, 2016 and Civil Investigative Demand EDWA 16-003 dated March 18, 2016, the Parties agree that any designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY AGREEMENT" or "CONFIDENTIAL AND PROPRIETARY – FOIA EXEMPT" or "LMPI" or "Lockheed Martin Proprietary Information" shall be afforded protections under this Order as though they were marked "CONFIDENTIAL" and without need for re-designation or labeling. With respect to any action taken after the effective date of this Protective Order, to the extent that a document was previously produced in response to Civil Investigative Demand EDWA 16-001 dated November 23, 2015, the Parties agree that any designation of "CONFIDENTIAL" shall be afforded the same protections as a document designated "CONFIDENTIAL" under this Order without need for re-designation or labeling. Any other designation must be made prior to, or contemporaneously with, the production or disclosure of the information in question, except (1) any Party may designate additional material produced prior to the date of this Protective Order as "CONFIDENTIAL" or "COMPETITION SENSITIVE" by December 1, 2021 and (2) a Party may designate documents produced for inspection at a Party's facilities as set forth below. In the event that documents are produced for inspection at a Party's facilities, such documents may be produced for inspection before being marked with a confidentiality designation. Once specific

documents have been designated for copying by the inspecting Party, any documents containing confidential information shall then be marked with the appropriate designation before delivery to the inspecting Party.

8. A producing Party that has designated Material as "Confidential Material" or "Competition Sensitive" may de-designate the Material at any time.

9. Information or testimony disclosed by a witness during a deposition may be designated Confidential Material or Competition Sensitive material only if they are designated as such (a) when the deposition is taken or (b) within twenty (20) days after receipt of the deposition transcript by the Party claiming confidential status for the testimony in question.

10. All copies, duplicates, extracts, summaries, or descriptions (collectively, "copies") of Material designated as Confidential Material or Competition Sensitive material must be immediately stamped with the appropriate designation if it does not already appear. The United States shall have no obligation to take this action with respect to any copies, extracts, summaries, or descriptions created before the effective date of this Protective Order unless and until the document is produced in discovery or used in a deposition or Court proceeding.

11. Except as provided by Paragraphs 5 and 12, counsel for the Parties shall keep all Material designated as Confidential Material or Competition Sensitive material and received under this Order secure within their possession and

PROTECTIVE ORDER ~ 7

must store such Material in a secure area. Adequate controls may include, but are not limited to:

    a.    Secure documentary storage. Confidential Material and Competition Sensitive material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited solely to the persons authorized under this Protective Order;

    b.    Password, encryption and related protections for any computer storage of Confidential Material and Competition Sensitive material;

    c.    Retention of any legends that reflect Material subject to United States Export Control Laws; and

    d.    Identifying of any information derived, compiled, extracted, or excerpted from any Confidential Material or Competition Sensitive material.

12. To the extent any Party determines, after the date of this Protective Order, to file with the Court (a) any Material designated as Confidential Material or Competition Sensitive material or (b) a pleading or motion (within the meaning of Local Rule 7) that quotes, summarizes, or otherwise describes any Material designated as Confidential Material or Competition Sensitive material, it shall be filed under seal with the Court and the case caption of the filing shall contain the notation "Confidential Material – Under Protective Order." The documents shall be filed and served in accordance with the *Procedures for the Filing of Sealed and Ex Parte Documents For Civil Cases* published by this Court. Within 7 days after

the filing any such pleading or motion, the filing Party shall provide a copy of the pleading or motion to any party whose Confidential Material or Competition Sensitive material is reflected in the document with proposed redactions to remove such material.  The party whose Confidential Material or Competition Sensitive material is contained in the filing may then propose any additional redactions within 3 days.  Within 3 days of receipt of the proposed additional redactions, the filing Party shall publically file a version of the filed pleading or motion that is redacted to remove only such information as has been designated as Confidential Material or Competition Sensitive material under this Order. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

      13.    Allegations in pleadings made before entry of this Order do not waive any Party's ability to designate Material as Confidential Material or Competition Sensitive.  Similarly, this Order does not require any Party to alter its prior use of any Material designated or treated as Confidential Material or Competition Sensitive pursuant to Paragraph 7 of this Order.

14. Any Party may challenge another Party's designation of Material as Confidential Material or Competition Sensitive at any time following a good-faith effort to resolve disagreements over the designation. The burden of persuasion on any such challenge proceeding shall be on the Designating Party. The challenging party is responsible for raising the challenge with the Court. The Material in question shall be maintained as Confidential or Competition Sensitive until the Court resolves the challenge, and thereafter, consistent with Court's resolution.

15. If any Party receives a subpoena or discovery demand in another action seeking Confidential Material or Competition Sensitive material produced by another subject to this Protective Order, the Party receiving such a subpoena or demand shall give written notice, by e-mail, to the Party that produced the subject Materials (a) within 7 days of receipt of the subpoena or demand at issue, or (b) more than 3 days before the time specified for compliance in the subpoena or demand at issue, whichever is earlier. The Party that designated the Materials as Confidential or Competition Sensitive is responsible for seeking a protective order to prevent the requested production.

16. Within 30 days after the final termination of this action, including any appeals, counsel for the Parties shall return all Confidential Material and Competition Sensitive material (and any copies thereof) to counsel of record for the producing Party or shall certify destruction thereof in writing. Notwithstanding the foregoing, counsel for the Parties may retain a file copy of court papers,

PROTECTIVE ORDER ~ 10

deposition and trial transcripts, and attorney work product created in connection with this matter that include Confidential Material or Competition Sensitive material, provided that such Material shall continue to be kept confidential pursuant to this Protective Order and provided further that the Civil Division of the Department of Justice shall have the right to maintain one copy of all Confidential Material or Competition Sensitive materials for its Master File.  No Party is required to search for, destroy, or return copies of Confidential Material or Competition Sensitive materials that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media.

17. Nothing in this Protective Order shall be deemed a waiver of any of the Parties' rights to oppose any discovery on any grounds not specifically addressed in this Order, or to object to the admission in evidence at any hearing or trial in this action of any Material discovered.

18. This Protective Order shall be without prejudice to, and does not impair, the rights of any Party to seek further limits on disclosure or protections for the confidentiality of any Material in addition to the limits and protections provided in this Order.

19. The terms and limitations of this Protective Order shall not be modified or deviated from except upon order of the Court.

20. Notwithstanding Paragraph 4 or any other provision of this Protective Order, nothing contained herein shall prevent or in any way limit or impair the

PROTECTIVE ORDER ~ 11

right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Confidential Material or Competition Sensitive material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way impair the use of any such Confidential Material or Competition Sensitive material by any agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of Confidential Material or Competition Sensitive material consistent with the terms of this Protective Order.

21. Notwithstanding Paragraph 4 or any other provision of this Protective Order, nothing contained herein shall prevent or in any way limit or impair the right of the United States to provide any document or information to Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the document or information that the Confidential Material or Competition Sensitive material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting such documents or information, use reasonable efforts to notify the Party that has designated the material as Confidential Material or Competition Sensitive material of the Congressional entity's request and the United States' response thereto.

22. Notwithstanding Paragraph 4 or any other provision of this Protective Order, nothing contained herein shall in any way affect or limit the right of a Party from using, as it wishes, whether or not designated Confidential Material or Competition Sensitive material, any documents, materials, or information which:

    a. Was already known to the receiving Party by lawful means prior to acquisition from, or disclosure by, the producing Party in this lawsuit; or

    b. Is or becomes publicly known through no fault of act of the receiving Party; or

    c. Is rightfully received by the receiving Party from a non-party which has the authority to provide such Confidential Material or Competition Sensitive material and without restriction as to disclosure.

23. Notwithstanding Paragraph 4 or any other provision of this Protective Order, nothing contained herein shall in any way affect or limit the right of a Party to use its own Confidential Material or Competition Sensitive material in any lawful way it chooses.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** July 2, 2020.

                                                *Rosanna Malouf Peterson*
                                         ROSANNA MALOUF PETERSON
                                            United States District Court